FILED
IN OPEN COURT

FEB 2 6 2025

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | UNDER SEAL |
| | ) | |
| v. | ) | CRIMINAL NO. 2:25CR21 |
| | ) | |
| WALTER CAPACCIO, | ) | 18 U.S.C. § 2252(a)(4)(B) |
| | ) | Possession of Visual Depictions of Minors |
| Defendant. | ) | Engaging in Sexually Explicit Conduct |
| | ) | (Counts 1 and 2) |
| | ) | |
| | ) | |
| | ) | |
| | ) | Criminal Forfeiture |
| | ) | 18 U.S.C. § 2253 |

**INDICTMENT**

February 2025 Term -- At Norfolk, Virginia

THE GRAND JURY CHARGES THAT:

GENERAL ALLEGATIONS

1. The conduct alleged in this Indictment occurred outside the jurisdiction of any particular state or district and within the venue of the United States District Court for the Eastern District of Virginia, as provided by 18 U.S.C. § 3238. The last known residence of the defendant, WALTER CAPACCIO, was in Virginia Beach, Virginia, within the Eastern District of Virginia. Further, WALTER CAPACCIO will be arrested and first brought into the Eastern District of Virginia.

2. At all times material to this indictment, but from at least in or about August 2022, the defendant, WALTER CAPACCIO, a citizen of the United States, was employed as a contractor of the Department of Defense, as defined in 18 U.S.C. § 3267(1), that is:

a. The defendant was a civilian Department of Defense contractor employed by Leidos,

b. The defendant was present outside the United States, in Japan, in connection with such employment,

c. The defendant was aboard the USNS Effective (T-AGOS-21) in connection with such employment,

d. The defendant was not and is not a national of or ordinarily a resident in Japan, and

e. The conduct described in Count One of this Indictment occurred on, at, or near White Beach Naval Facility, located on the island of Okinawa, Japan.

3. The conduct described herein constitutes an offense which would be punishable by imprisonment for more than one year if the conduct had been engaged in within the special maritime and territorial jurisdiction of the United States.

## COUNT ONE
(Possession of Visual Depictions of Minors Engaging in Sexually Explicit Conduct)

The general allegations above are incorporated herein as if reinstated verbatim.

On or about August 2022, outside the United States in Okinawa, Japan, defendant WALTER CAPACCIO, engaged in conduct that would constitute an offense punishable by imprisonment for more than one year if the conduct had been engaged in within the special maritime and territorial jurisdiction of the United States and the conduct was as follows: defendant WALTER CAPACCIO, did knowingly and unlawfully possess a Dell Inspiron Laptop, which was manufactured outside the Commonwealth of Virginia, which contained a visual depiction of a minor engaging in sexually explicit conduct that had been mailed, shipped and transported using a means and facility of interstate and foreign commerce and in and

affecting interstate and foreign commerce, and which was produced using materials which have been mailed and so shipped and transported, by any means including by computer, and the production of such visual depiction involved the use of a minor, including a prepubescent minor and a minor who had not attained 12 years of age, engaging in sexually explicit conduct, and such visual depiction is of such conduct.

(In violation of Title 18, United States Code, Section 2252(a)(4)(B).)

## COUNT TWO
(Possession of Visual Depictions of Minors Engaging in Sexually Explicit Conduct)

The general allegations above are incorporated herein as if reinstated verbatim.

In or about August 2022, within the special maritime and territorial jurisdiction of the United States, and on any land and building owned by, leased to, and otherwise used by and under the control of the Government of the United States, defendant, WALTER CAPACCIO, did knowingly and unlawfully possess a Dell Inspiron Laptop, which was manufactured outside the Commonwealth of Virginia, which contained a visual depiction of a minor engaging in sexually explicit conduct that had been mailed, shipped and transported using a means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, and which was produced using materials which have been mailed and so shipped and transported, by any means including by computer, and the production of such visual depiction involved the use of a minor, including a prepubescent minor and a minor who had not attained 12 years of age, engaging in sexually explicit conduct, and such visual depiction is of such conduct. .

(In violation of Title 18, United States Code, Section 2252(a)(4)(B).)

## **FORFEITURE**

THE GRAND JURY FURTHER FINDS PROBABLE CAUSE THAT:

A. The defendant, WALTER CAPACCIO, upon conviction of the single count in this Indictment, as part of the sentencing of the defendant pursuant to Fed.R.Crim.P. 32.2, shall forfeit to the United States:

1. Any and all matter which contains child pornography or any visual depiction described in Title 18, United States Code, Sections 2251, 2251A, 2252, 2252A, 2252B, or 2260 produced, transported, mailed, shipped, distributed, or received in violation of Title 18, United States Code, Section 2251 *et seq.*;

2. Any and all property, real and personal, used or intended to be used in any manner or part to commit or to promote the commission of violations of Title 18, United States Code, Section 2251 *et seq.*, and any property traceable to such property;

3. Any and all property, real and personal, constituting, derived from, or traceable to gross profits or other proceeds obtained from the violations of Title 18, United States Code, Section 2251, *et seq.*; and

4. If any property that is subject to forfeiture above is not available, it is the intention of the United States to seek an order forfeiting substitute assets pursuant to Title 21, United States Code, Section 853(p) and Federal Rule of Criminal Procedure 32.2(e).

(All pursuant to Title 18, United States Code, Sections 2253 and Title 21, United States Code, Section 853(p)).

*United States v.* WALTER CAPACCIO
Criminal No. 2:25cr

Pursuant to the E-Government Act, the original of this page has been filed under seal in the Clerk's Office.

A TRUE BILL:

**REDACTED COPY**

_____
FOREPERSON

ERIK S. SIEBERT
UNITED STATES ATTORNEY

By: *[signature]*
Anthony C. Mozzi
Assistant United States Attorney
Attorney for the United States
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, VA 23510
Office Number: (757) 441-6331
Fax Number: (757) 441-6689
E-Mail Address: anthony.mozzi@usdoj.gov

5